# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENISE THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-923-R ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Bernard M. Jones recommending reversal and remand of the Commissioner's decision to deny Plaintiff disability insurance benefits ("DIB") based on the Administrative Law Judge's ("ALJ") "not disabled" finding. Doc. 20. Defendant objects that the ALJ's finding under Title II of the Social Security Act improperly reweighs substantial evidence in the record supporting denial of DIB. Doc. 21. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation de novo in light of Defendant's objection and ADOPTS it in part because the ALJ failed to consider Plaintiff's use of "medically required" assistive devices in calculating Plaintiff's residual functional capacity ("RFC"). Because the Court reverses the Commissioner's decision and remands for additional proceedings, it is unnecessary to reach Plaintiff's additional contentions of error.[1]

---

[1] The Court notes without deciding that Judge Jones also recommended reversal due to Defendant's "failure to consider whether Plaintiff's musculoskeletal impairments met or equaled any listings." Doc. 20, at 6–7 (citing Plaintiff's Brief, Doc. 15, at 31). Plaintiff alleges five other errors not considered herein. *Id.* at 2–3.

1

## I. Background

The ALJ issued a decision on July 13, 2016, that Plaintiff Denise Thompson is not disabled and therefore not entitled to DIB. Doc. 14-2. This decision resulted from the Social Security Administration's sequential disability evaluation, in which Plaintiff has the "burden of establishing a prima facie case of disability at steps one through four."[2] 20 C.F.R. 404.1520(a); *Staples v. Astrue*, 329 F. App'x 189, 190 (10th Cir. 2009) (unpublished). The ALJ first found that Plaintiff has not engaged in "substantial gainful activity since September 19, 2014, the alleged onset date" for her disability. Doc. 12 to 12-8, Administrative Record ("AR"), at 35. The second step was analysis of Plaintiff's "severe impairments"—degenerative disc disease, status post microdiscectomy, diabetes mellitus, and major depressive disorder. AR 35–39.

Notably at step two, the ALJ documented what appears to be consistent use of assistive devices for a twelve-month period. He discussed Plaintiff's "difficulty with walking, standing up, moving around, and . . . physical pain" in September 2014 before she underwent lumbar discectomy surgery. AR 36 (quoting AR 336). A week after the surgery, she fell and went to the emergency room. AR 36 (citing AR 338–39). At Plaintiff's November 2014 discectomy follow-up appointment, she reported using a walker that she used "to some extent before she had the surgery." AR 36–37 (quoting AR 471). The ALJ noted that Plaintiff was "dragging one leg and using a walker" in February 2015 and

---

[2] Courts frequently refer to this process as a "five-step sequential evaluation," but the process is actually six steps, as the ALJ must calculate the claimant's residual functional capacity before proceeding to step four. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988); *see* AR 34, 40.

experiencing "continued back and right leg pain" in March 2015 while using a cane. AR 37, 39 (citing AR 451, 563). It is unclear if Plaintiff used a walker or cane when reporting to the emergency room in April 2015, but the ALJ discussed her reports of continued back pain in June, August, and September 2015. AR 37–38 (citing AR 525, 529, 595). She did use a "walker for ambulation without further falls" in October 2015. AR 530–31.

At step three the ALJ found no combination of impairments that meets or equals the severity of a listed impairment. AR 39–40.

The alleged error regarding assistive devices occurred next in calculating Plaintiff's RFC. The ALJ concluded that Plaintiff has the RFC "to perform light work"—"lift/carry 20 pounds occasionally and 10 pounds frequently; walk/stand up to 6 to 8 hours with normal breaks"; "sit for up to 6 of 8 hours," and "frequently grip, handle, finger, [and] feel bilaterally." AR 40. One stated reason for the RFC finding was that "[t]here is no evidence of a medically required hand held assistive device for any continuous twelve month period, despite the claimant's use of a walker/cane at times." AR 42. Other than the medical evidence regarding assistive devices that the ALJ discussed above at step two, he also referred to Plaintiff's hearing testimony that she "has back pain and arthritis in every joint and in the back. . . . Her surgeon prescribed a walker. The claimant uses her cane daily for walking; injections were no help for her pain . . . . She uses the cane for balance. It does not extend her walking time." AR 41.

Lastly, the ALJ concluded that Plaintiff is not disabled because although she cannot perform any of her past work as a forklift driver, cashier, food service manager, or general teller, her RFC does not prevent her from performing other jobs that exist in significant

3

numbers in the national economy." AR 45. Consistent with the testimony of the vocational expert, the ALJ found that Plaintiff is able to perform light, unskilled work as a conveyor line bakery worker, final inspector, or laundry worker. *Id.* Defendant Commissioner thereafter adopted the ALJ's finding following Plaintiff's unsuccessful appeal. AR 1–6.

## II. Discussion

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989), and "requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While the Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases . . . [the Court] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).

### A. Legal Error

The ALJ erred by finding Plaintiff's use of assistive devices not "medically required" and failing to discuss—beyond a conclusory acknowledgment of "claimant's use of a walker/cane at times"—its impact on Plaintiff's RFC. AR 42. A "hand-held assistive device" like a cane or walker is "medically required" when there is "medical documentation establishing the need" for it "to aid in walking or standing, and describing

4

the circumstances for which it is needed." *Staples*, 329 Fed. App'x at 191 (quoting SSR 96-9P, at *7 (S.S.A. July 2, 1996)). This standard "does not require that the claimant have a prescription for the assistive device in order for that device to be medically relevant to the calculation of her RFC." *Id.*

The ALJ's RFC calculation ignored extensive evidence bearing on medical necessity of a cane or walker. Dr. Bradley Bohnstedt, Plaintiff's surgeon, noted in November 2014 that Plaintiff was using a walker that she used "to some extent before she had the [September 2014] surgery." AR 471. Plaintiff testified that Dr. Bohnstedt prescribed it and she uses a cane daily.[3] AR 59–60; *see also* AR 254, 271–72. In his August 2015 report, Dr. Bohnstedt recommended that Plaintiff "[c]ontinue using cane for mobilization." 532–33. Medical providers also documented her use of an assistive device due to back and leg pain in February, March, and October 2015. AR 451, 530, 563. Thus, there is medical documentation supporting Plaintiff's need to use an assistive device from September 2014 till October 2015, which directly contradicts the ALJ's unsubstantiated conclusion that "[t]here is no evidence of a medically required hand held device for any continuous twelve month period . . . ." AR 42.

While the ALJ "is not required to discuss every piece of evidence," he does have to discuss "significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). In other words, the ALJ must give "good reasons . . . for the

---

[3] The ALJ is not required to accept Plaintiff's testimony about her walker prescription at face value, but at a minimum the ALJ must explain why he rejected that testimony. Instead, it appears that the ALJ accepted the testimony as true and then reached a contradictory conclusion anyway. *See* AR 41–42 ("Her surgeon prescribed a walker. . . . There is no evidence of a medically required hand held assistive device . . . .").

weight assigned to a treating physician's opinion" and "if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (quoting *Watkins v. Barnhart,* 350 F.3d 1297, 1300–1301 (10th Cir.2003)); *see also Clifton*, 79 F.3d at 1010 (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir.1984)) ("a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position"). The ALJ acknowledged "claimant's use of a walker/cane at times," AR 42, but erred by offering no reason to discount that use as medically unnecessary, despite "considerable evidence . . . to counter the agency's position." *Clifton*, 79 F.3d at 1010; *see also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]hen, as here, an ALJ does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination.").

Defendant objects that the ALJ's conclusion was supported by substantial evidence in the record and that Judge Jones improperly reweighed the evidence. Doc. 21, at 1–3. That argument is wrong for two reasons. First, it blurs the line between legal error and sufficiency of the evidence. Defendant is correct that it is the ALJ's role to "resolve conflicts in evidence," but that resolution requires some *discussion* of the conflicting evidence. *Id.* at 2. Again, that discussion is completely absent in the ALJ's RFC calculation. Second, Defendant cherry-picks evidence to argue that Plaintiff only used an assistive device to recuperate from her September 2014 surgery. As shown above, and as the ALJ recognized at step two, it appears that Plaintiff used a cane and walker for far longer.

6

**B. Harmlessness**

The ALJ's error was not harmless because a contrary finding regarding Plaintiff's assistive device use "undermine[s] confidence in the determination of th[e] case" and Defendant's denial of DIB. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (quoting *Gay v. Sullivan*, 986 F.2d 1336, 1341 n. 3 (10th Cir. 1993)). To assess harmlessness, the Court looks to whether "there is an inconsistency between the [omitted] opinion and the ALJ's assessment . . . ." *Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014). In addition to the above disconnect between the medical evidence of Plaintiff's assistive device use and the ALJ's RFC conclusion, the vocational expert's testimony also shows that the error could have impacted the outcome. The expert Ms. Sullivan was asked to assess Plaintiff's ability to perform unskilled, light work—the jobs that the ALJ ultimately concluded she could perform—if Ms. Sullivan accepted as true Plaintiff's testimony that she uses the cane daily for "general ambulation and us[es] the walker for any difficult or long ambulation." AR 45, 69. Ms. Sullivan responded that these jobs require "the ability to use your hands while on your feet, so having a cane would inhibit that and certainly reduce productivity, if not make performing the job[s] impossible." AR 70. This testimony, in light of evidence supporting a medically required assistive device, undermines the ALJ's RFC conclusion and denial of DIB. AR 40, 45.

Granted, as Defendant contends, even claimants who require an assistive device "may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand." SSR 96-9P, at *7 (S.S.A. July 2, 1996); *see* Doc. 21, at 3. However, that is only if the claimant uses the assistive device

7

"because of an impairment that affects *one* lower extremity." *Id.* (emphasis added). That is not the case here—much of the evidence in the record pertaining to Plaintiff's use of assistive devices suggests that her reliance on them is (1) necessitated by "a neurological impairment," particularly her lumbar discectomy surgery and subsequent problems not limited to merely one lower extremity, and (2) intended "for balance." AR 41. The Social Security Administration considers both of these factors to be evidence of "significant[] ero[sion]" of a claimant's RFC. SSR 96-9P, at *7 (S.S.A. July 2, 1996). Thus, the ALJ's error regarding the medical necessity of Plaintiff's assistive-device use is not harmless.

### III.  Conclusion

The Report and Recommendation of the Magistrate Judge, Doc. 20, is ADOPTED in part as discussed herein. The decision of the Commissioner of the Social Security Administration denying Plaintiff DIB is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED this 16th day of July 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE