# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENISE THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-923-R |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On July 16, 2018, the Court entered its Judgment reversing the Commissioner's decision denying Plaintiff's application for disability insurance benefits and remanding the case for further proceedings. *See* Docs. 22–23. Plaintiff thereafter sought an award of attorney and paralegal fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Docs. 24–25. Defendant, the Acting Commissioner of the Social Security Administration, opposed Plaintiff's request for EAJA fees. *See* Doc. 26. The Court referred the fee issue to Magistrate Judge Bernard M. Jones for review, and on October 30, 2018, Judge Jones issued a Report and Recommendation wherein he recommended the fee award be granted. *See* Doc. 28. The matter is currently before this Court on the Commissioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which specific objection is made. Having conducted this *de novo* review, the Court finds as follows.

The Court must award reasonable attorney and paralegal fees to Plaintiff "if: (1) [she] is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993) (noting that reasonable fees for work performed by paralegals are recoverable under the EAJA). Here, the only contested issue is whether the Commissioner's position defending the agency's unfavorable decision on the merits was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (internal quotation marks and citation omitted). The Commissioner's "position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). "Position" here "includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988); *see also* 28 U.S.C. § 2412(d)(2)(D). The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id*. at 1174 (internal quotation marks and citation omitted).

The Court reversed the Commissioner's decision in this case because the administrative law judge ("ALJ") "failed to consider Plaintiff's use of 'medically required'

2

assistive devices in calculating Plaintiff's residual functional capacity ('RFC')." *See* Order, Doc. 22, at 1. The ALJ's RFC calculation "ignored extensive evidence bearing on medical necessity" of assistive devices, like a cane or walker. *Id*. at 5. Moreover, the ALJ appeared to accept Plaintiff's testimony about her use of an assistive device as true, yet "reached a contradictory conclusion" and failed to "explain why he rejected that testimony." *See id*. at 5, 5 n.3. Although an ALJ is "not required to discuss every piece of evidence," he must, "in addition to discussing the evidence supporting his decision, . . . discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996); *see also Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) ("[The ALJ] ignored evidence from [the plaintiff] that would support a finding of disability while highlighting evidence favorable to the finding of nondisability. This was error."); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]hen, as here, an ALJ does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination."). An ALJ commits legal error by cherry-picking through medical evidence and citing only those portions favorable to his conclusions. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012); *Hull v. Berryhill*, CIV-15-954-R, 2017 WL 2023765, at *2 (W.D. Okla. May 12, 2017). Such legal error, which was the basis for remand, leads the Court to conclude that the decision of the ALJ was not arguably defensible. Therefore, the Court finds that the Commissioner has failed to meet her burden to establish that she was substantially justified both at the administrative level and in this litigation.

The Commissioner objects to Judge Jones's conclusion that her position before the Court was not substantially justified by arguing that Judge Jones incorrectly conflates the "substantial evidence" and "substantial justification" standards. Doc. 29, at 1–3. According to the Commissioner, "here, the issue is not whether the ALJ errantly ignored evidence, but whether evidence upon which the ALJ relied substantially supported his decision." *Id*. at 2. The Court disagrees with the Commissioner's framing. The issue is indeed "whether the Government was reasonable in arguing that the ALJ's decision was supported by substantial evidence." *Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). Judge Jones concluded that the Commissioner's discussion of evidentiary decisions made by the ALJ "d[id] not address whether the ALJ was substantially justified in ignoring evidence, or whether the Commissioner was substantially justified in defending the ALJ's decision when he ignored evidence." Doc. 28, at 4. The Tenth Circuit has found the position of the United States not substantially justified where the ALJ ignores evidence. *See Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987). Thus, Judge Jones's Report and Recommendation, which this Court adopts, is not premised on a mere merits disagreement with the ALJ—as the Commissioner seems to argue—but rather on errors in the ALJ's decision-making process and the unreasonableness of the Commissioner's defense of that process.[1]

---

[1] The Commissioner also includes the following argument:

> In this case, even though the ALJ erred in the court's view for purposes of the merits of the Commissioner's final decision in considering Plaintiff's use of a cane, he reasonably for purposes of the fee issue before the court considered the evidence in assessing Plaintiff's residual functional capacity. The Tenth Circuit has recognized an exception to the general rule (that EAJA fees should be awarded where the government's underlying action was

The Court finds that, given the legal errors described in Judge Jones's Report and Recommendation, the Commissioner has failed to carry her burden of showing that her position was substantially justified. As a result, EAJA fees are appropriate and the Report and Recommendation is hereby ADOPTED. Because the Commissioner has not objected to the amount of Plaintiff's fee request, $8,323.75, the Court GRANTS Plaintiff's Motion for Attorney Fees, Doc. 24, and awards Plaintiff $8,323.75 in fees. The check should be made payable to Plaintiff, Denise Thompson, and mailed to counsel's address. *See Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007). If attorney fees are also awarded and received by counsel under 42 U.S.C. § 406(b), counsel shall refund the smaller award to Plaintiff. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 11th day of December 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

unreasonable even if the government advanced a reasonable litigation position) when the government advances a reasonable litigation position that cures unreasonable agency action, and in the Social Security context, has interpreted that exception to include when the Commissioner reasonably, even if unsuccessfully, argues in litigation that the ALJ's errors were harmless.

Doc. 29, at 3 (citation omitted). To begin, the Commissioner does not develop this argument beyond the quoted language above, thereby limiting its persuasive power. Moreover, Judge Jones concluded that the government's litigation position was *not* reasonable, and thus its position could not have cured unreasonable agency action. And, contrary to the Commissioner's argument, Judge Jones concluded that the ALJ had not reasonably considered the evidence in making his decision.